THE CENTRAL STATE BANK, OF GENESEO, v. EMMA E. GLENN.

**No. 156.**

EXCEPTIONS — *not taken, error is waived.* Where no exceptions are taken to the giving of instructions at the trial, the error is waived, and this court will not examine them; and where the questions for review, as presented by the record, are questions of fact only, this court will not disturb the verdict, when the case has been fairly tried and the verdict is supported by competent evidence.

Error from Rice District Court. Hon. J. H. Bailey, Judge. Opinion filed November 19, 1897. *Affirmed.*

*A. M. Lasley* and *O. E. Hopkins*, for plaintiff in error.
*C. F. Foley*, for defendant in error.

SCHOONOVER, J.   G. M. Glenn and Emma E. Glenn, his wife, gave a first mortgage on certain real estate in Rice County, Kansas, for $650, a second or com-

mission mortgage to the Western Farm Mortgage Company for $65, and a third mortgage to the Central State Bank, plaintiff in error, for $275. G. M. Glenn was also indebted to the plaintiff in error upon a promissory note in the sum of $310, which was secured by a chattel mortgage, executed by G. M. Glenn, on a frame building, certain cattle, and a sorrel colt.

He was also indebted to plaintiff in error for the amount of two drafts, one for $221.35 and the other for. $82, the payment of which had been guaranteed by the Bank. There had been some payments made on this indebtedness and there was some interest due, when A. J. Hoffman, cashier of the Bank, commenced negotiations to settle up 'and liquidate the indebtedness of G. M. Glenn to the Bank. It is contended by plaintiff in error, that upon "the statement of Mr. Glenn that there was but a six hundred. dollar mortgage on the land, Mr. Hoffman, on the part of the Bank, agreed to allow him, to be applied upon this indebtedness to the Bank, for his equity in the farm over and above the six hundred dollar mortgage incumbrance stated to be upon it, $440 ; for the frame building, $100 ; for five head of cattle, $82 ; and for the colt, $53 ;· a total of $675. This was accepted and agreed upon by Mr. Glenn."

That in pursuance of this agreement A. J. Hoffman, acting for the Bank, took the deed and went to the home of Mr. Glenn to have the same executed and acknowledged. Plaintiff in error contended on the trial, and now contends, that at the time Mr. Hoffman took the deed to Mr. Glenn· to have it executed and acknowledged, "he made out on one of the deposit slips of the Bank a memorandum of the different amounts to be allowed Mr. Glenn, which memoran-

888        Bank v. Glenn.

| S. Dept. | Opinion.  Schoonover, J. | 6 Kan. App. |

dum he took with him.   It had the name of G. M.
Glenn written in at the top.   After the deed was ex-
cuted, Mrs. Glenn requested that her name be written
in the memorandum instead of her husband's, and Mr.
Hoffman drew a pen through the initials 'G. M.'
and wrote 'Emma E.' above, as a matter of courtesy
to her."

The defendant in error contends, " that the real estate
described in defendant's answer, and which had been
conveyed to defendant by plaintiff and her husband,
had been the homestead of plaintiff and husband;
that certain live stock which had been sold and de-
livered to the Bank had been her property, and that
she had consented to join in the conveyance of such
real estate to the Bank and in the sale and transfer
of the personal property, only on condition that she
should receive and be paid from the proceeds thereof
the sum of $675; and that defendant Bank agreed to
do so, and in pursuance of such agreement had executed
and delivered to her the said certificate of deposit for
$675, upon which the sum of $575 and interest remains
due."

And for this amount she brought suit in the Dis-
trict Court of Rice County.   The case was tried to a
jury, and a general verdict returned for $229.87 for
the plaintiff.   Special findings were also returned with
their general verdict.   The defendant brings the case
here for review.   It is contended by plaintiff in error
that the court erred in the instructions to the jury;
but no exceptions were taken to the instructions when
given, and they will not be reviewed.   The questions
for review, as presented, are purely questions of fact.
From an examination of the record, we are satisfied
that the case was fairly tried and was submitted to the

jury upon competent evidence.   There is no complaint that incompetent evidence was introduced.   The findings of fact are fully sustained by the evidence and are in harmony with the general verdict.

The judgment of the District Court will be affirmed.